The Honorable Bob Ward Representative, District 107 State Capitol Building Jefferson City, Missouri 65101
Dear Representative Ward:
This opinion responds to your question asking:
 Would benefits paid to a surviving spouse under Section 57.967.5 for a sheriff who was killed in the performance of his duty prohibit the surviving spouse from also receiving the limited five year benefit provided under Section 57.980.2?
You indicated that your opinion request relates to the surviving spouse of a sheriff killed in the line of duty on September 23, 1994 after 9.75 years of creditable service in the Missouri Sheriffs' Retirement System. You did not indicate how long the sheriff had been married at the time of his death; we assume that he had been married for more than two years.
Section 57.961[1] makes elected or appointed county sheriffs members of the sheriffs' retirement system while so employed or while receiving or eligible to receive the system's benefits. Section 57.964 authorizes a "normal annuity" retirement benefit for any such member who has attained fifty-five years of age and has twelve or more years of creditable service or who has attained sixty-two years of age and has eight or more years of creditable service. Benefit payments are made from the "Sheriffs' Retirement Fund" which § 57.952 created. A normal annuity is two percent of the average of the highest three years' pay as a sheriff multiplied by the number of years of creditable service. Sections 57.967.1 and 57.949(2).
Special provisions of law apply for benefits of a sheriff who dies while a member of the system. Section 57.967.5 provides:
 If a member with eight or more years of service dies before becoming eligible for retirement, his surviving spouse, if she has been married to the member for at least two years prior to his death, shall be entitled to survivor benefits under option 1 as set forth in section 57.979, as if the member had retired on the date of his death. His monthly benefit would be calculated as the member's accrued benefit at his death reduced actuarially for an early commencement from the member's normal retirement date . . . . Such benefit shall be payable . . . during the surviving spouse's lifetime.
(Our emphasis).
Section 57.979.2 sets forth "option 1" as follows:
 Option 1. The actuarial equivalent of the member's normal annuity in reduced monthly payments for life during retirement with the provision that upon the member's death, fifty percent of the reduced normal annuity shall be continued throughout the life of and paid to the member's spouse.
Section 57.980 sets forth a member's death benefits as follows:
 1. A death benefit of ten thousand dollars shall be paid to the designated beneficiary of every active member upon his death or to his estate if there is no designated beneficiary, or in lieu thereof, a benefit of twenty thousand dollars shall be so paid if the member is killed in the performance of his duty.
 2. If a member dies during the performance of his duty, in addition to the death benefit specified in subsection 1 of this section, his surviving spouse shall be entitled to survivorship benefits of fifty percent of the accrued benefit, payable for a period of five years.
 3. If a member dies other than during the performance of his duty and before retirement, after becoming eligible for retirement, his surviving spouse . . . shall be entitled to survivorship benefits under option one as set forth in section 57.979 as if the member had retired on the date of his death.
(Our emphasis).
In construing statutes, we are mindful that "each part of a given statute must be read in pari materia with the other related parts." Barry Service Agency Co. v. Manning, 891 S.W.2d 882, 890. (Mo.App., W.D. 1995). We should give statutes a construction that will best effect their purposes. Household Fin. Corp. v.Robertson, 364 S.W.2d 595 (Mo. 1963).
The legislature has provided various benefits when a sheriff dies while a member of the sheriffs' retirement system. Those benefits depend on a number of different variables. Section57.967.5 provides a sheriff's surviving spouse an actuarially reduced retirement benefit for that surviving spouse's lifetime, but only if the sheriff has eight or more years of service and was not eligible for retirement on the date of death. That payment is based upon the sheriff's "accrued benefit." If the sheriff was eligible to retire but had not retired and dies other than in the line of duty, § 57.980.3 provides the surviving spouse the same benefit, without actuarial reduction. Section57.980.1 provides, without regard to the sheriff's entitlement to any retirement benefit, a death benefit of $10,000 or $20,000 depending on whether the member is killed in the line of duty.[2]
Section 57.980.2 provides a death benefit to the sheriff's surviving spouse, payable over five years, and again without regard to the sheriff's entitlement to retirement benefits, when the sheriff dies in the line of duty. That payment is one half of the sheriff's "accrued benefit."[3]
The clear purpose of the above statutes is to provide surviving spouses and other beneficiaries with some measure of security upon the death of a county sheriff. No provision of law restricts the receipt of any of these benefits if a beneficiary receives another of the benefits. The two benefit provisions at issue are different. Section 57.967.5 provides a benefit for the surviving spouse's life without regard to whether the sheriff died in the line of duty but only if the sheriff had served eight or more years. Section 57.980.2 provides a benefit to the surviving spouse for five years without regard to the sheriff's term of service but the sheriff must have died in the line of duty. Accordingly, we conclude that the benefit § 57.980.2 accords a sheriff's surviving spouse, payable over five years, is different than, and in addition to, the benefit § 57.967.5 accords a sheriffs surviving spouse for that spouse's lifetime.
CONCLUSION
It is the opinion of this office that the surviving spouse of a county sheriff killed in the line of duty is entitled to the benefits of both §§ 57.967.5 and 57.980.2.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] All statutory references are, unless otherwise noted, to the 1994 Revised Statutes of Missouri (RSMo).
[2] There is apparently no question, in the situation about which you are concerned, that the sheriff's beneficiary or estate is entitled to the benefit under § 57.980.1.
[3] Both §§ 57.980.2 and 57.967.5 use the term "accrued benefit." No provision of law or court decision defines that term. We presume that the fund's administrators give that term the same construction under both provisions.